UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| **HUEY P. GARDNER** | **CIVIL ACTION NO. 12-1915-P** |
| **VERSUS** | **JUDGE WALTER** |
| **CADDO PARISH SHERIFF, ET AL.** | **MAGISTRATE JUDGE HORNSBY** |

### REPORT AND RECOMMENDATION

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

### STATEMENT OF CLAIM

Before the court is a civil rights complaint filed in forma pauperis by pro se plaintiff Huey P. Gardner ("Plaintiff"), pursuant to 42 U.S.C. § 1983. This complaint was received and filed in this court on July 13, 2012. Plaintiff names the Caddo Parish Sheriff and the Caddo Parish Commission as defendants.

Plaintiff claims he was subjected to cruel and unusual punishment while incarcerated at the Caddo Correctional Center from February 11, 2012 to June 14, 2012. He claims he was placed on 24-hour lock-down and administrative segregation because he refused to submit to a tuberculosis test.

As relief, Plaintiff seeks actual and punitive damages.

For the following reasons, Plaintiff's complaint should be dismissed as frivolous.

## LAW AND ANALYSIS

Plaintiff complains that he was placed on 24-hour lock-down and administrative segregation because he refused to submit to a tuberculosis test. This is not a claim that this court can resolve. Federal courts should not, under the guise of enforcing constitutional standards, assume the superintendence of state prison administration. See Jones v. Diamond, 636 F.2d 1364, 1368 (5th Cir. 1981) (en banc) (overruled on other grounds). Thus, this court accords state prison administrators wide-ranging deference to adopt and to execute policies and practices that are needed to maintain and preserve order, discipline and security in prison. See Bell v. Wolfish, 441 U.S. 520, 547 (1979).

The classification of prisoners is such a practice that is left to the discretion of prison officials. See McCord v. Maggio, 910 F.2d 1248, 1250 (5th Cir. 1990). "It is well settled that '[p]rison officials must have broad discretion, free from judicial intervention, in classifying prisoners in terms of their custodial status'." McCord, 910 F.2d at 1250 (quoting Wilkerson v. Maggio, 703 F.2d 909 (5th Cir. 1983)).

In Louisiana, the classification of prisoners is the duty of the Department of Corrections and an inmate, such as Plaintiff, has no right to a particular classification. In addition, "speculative, collateral consequences of prison administrative decisions do not create constitutionally protected liberty interests." Luken v. Scott, 71 F.3d 192, 193 (5th Cir. 1995) (citing Meachum v. Fano, 427 U.S. 215, 299 n.8, 96 S. Ct. 2532, 2540 n.8 (1976)). Thus, the prison officials' decision to place Plaintiff in 24-hour lock-down and administrative segregation and the resulting consequences of such decision do not give

rise to constitutionally protected liberty interests. Plaintiff's claims with respect to his classification are frivolous because they lack an arguable basis in law and in fact, and they should be dismissed with prejudice as frivolous.

Furthermore, prison policies of mandating isolation for inmates who refuse to submit to a tuberculosis test or treatment have been consistently held constitutional. McCormick v. Stalder, 105 F.3d 1059, 1062 (5th Cir. 1997). Plaintiff's complaint fails to establish that Defendants violated his rights under the Eighth or Fourteenth Amendments.

## CONCLUSION

Because Plaintiff filed this proceeding in forma pauperis ("IFP"), if this court finds Plaintiff's complaint to be frivolous, it may dismiss the complaint as such at any time, before or after service of process, and before or after answers have been filed. See 28 U.S.C. § 1915(e); Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986); Spears v. McCotter, 766 F.2d 179, 181 (5th Cir. 1985). District courts are vested with extremely broad discretion in making a determination of whether an IFP proceeding is frivolous and may dismiss a claim as frivolous if the IFP complaint lacks an arguable basis either in law or in fact. See Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995); Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993); Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827 (1989).

For the reasons stated, the court finds that the IFP complaint based upon an alleged violation of Plaintiff's civil rights lacks an arguable basis in law and in fact.

Accordingly;

**IT IS RECOMMENDED** that Plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous under 28 U.S.C. § 1915(e).

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objection within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendations set forth above, within fourteen (14) days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking, on appeal, the proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party. See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, on this 26th day of December 2012.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE